IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN BROTHERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-14-173-L |
| ) | |
| FAIRWAY RESOURCES LLC, a Texas ) | |
| Corporation, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

This matter is before the court on the Motion to Vacate Order for Dismissal Without Prejudice filed by plaintiff Kevin Brothers on August 6, 2014 [Doc. No. 23]. The court file shows that the Order of Dismissal Without Prejudice sought to be vacated by plaintiff was entered on July 18, 2014 [Doc. No. 19]. Defendant Fairway Resources LLC has file a response to the motion, all of which the court has carefully considered.

Plaintiff's motion is brought under Fed. R. Civ. P. 60(b)(1) and (6) and states that "excusable neglect" under Rule 60(b)(1) exists for plaintiff's attorney's failure to file a response to defendant's Motion to Dismiss which led to the dismissal of this case. In the motion, one of plaintiff's attorneys of record, Mr. Walsh, states that:

[H]e had been asked by Chris Landes [another attorney for

plaintiff] to become involved in this litigation. Attorney Walsh called [defendant's] attorney Tim Martin to discuss with Mr. Martin the Motion to Dismiss that had been filed. Attorney Walsh had requested that attorney Martin either withdraw the Motion to Dismiss or in the alternative to give the Plaintiff additional time to Respond to the Motion. Attorney Martin indicated that he would have to talk to his client and that we would discuss this matter in the very near future.

The motion continues,

In the meantime attorney Landes who was acting diligently in this matter had prepared a Response to the Motion to Dismiss. I informed attorney Landes of my conversations with Mr. Martin, and suggested that he hold off filing this Motion until I have had a chance to revisit this issue with attorney Martin. Unfortunately I failed to diligently follow-up on this matter, missing the time in which to file a Response to preserve issues on appeal.

Doc. No. 23, pp. 1-2. Plaintiff says the issues on appeal would involve plaintiff's contractual relationship with defendant, whether defendant may invoke 85 O.S. § 302, and whether that state statute is a special law and thus unconstitutional under the laws of the State of Oklahoma.

Defendant's response does not dispute the basic chronology of facts offered by plaintiff's counsel but notes, significantly, that after these discussions, "[d]efense counsel heard nothing further in regard to Defendant's Motion." Doc. No. 24, p. 1. Defendant disputes the meritorious nature of plaintiff's underlying claim, stating its position that 85 O.S. § 302 bars

2

plaintiff's claim as a matter of law.

The authorities governing consideration of plaintiff's motion are well settled and not in dispute. Rule 60(b) provides in pertinent part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; [or]
>
> * * *
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1) & (6). A motion under Rule 60(b) must be made within a reasonable time – and for reason number one, including excusable neglect, the motion must be made no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). The burden is on party seeking relief to prove excusable neglect. Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990). Neglect is defined as "'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to esp[ecially] through carelessness.'" Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 113 S.Ct. 1489, 1494-95 (1993) (*quoting* Webster's Ninth New Collegiate Dictionary 791 (1983)).

The United States Supreme Court has identified four factors for determining when neglect constitutes "excusable neglect." The court must examine "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." City of Chanute, Kan. v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994), *cert. denied*, 513 U.S. 1191 (1995) (*quoting* Pioneer, 113 S.Ct. at 1498). The court's determination of whether neglect is excusable is fundamentally "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 113 S.Ct. at 1498 (footnote omitted). The court may also consider whether the movant's underlying claim is meritorious. Jennings v. Rivers, 394 F. 3d 850, 857 (10th Cir. 2005), *citing* Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444-45.

Mindful of these authorities, the court has carefully considered all the relevant circumstances surrounding plaintiff's failure to respond to the dismissal motion in order to determine whether extraordinary relief under Rule 60(b) should be granted. In considering the factors, it is clear that plaintiff's counsel left undone the filing of a document which apparently had already been prepared. The lack of attention to this matter had significant repercussions which are mitigated somewhat by the relatively short delay in

filing the motion to vacate after the dismissal had been granted.  The court finds no evidence of bad faith in the circumstances presented, particularly since the response brief had been prepared on behalf of plaintiff, though not timely filed.  In considering the potential merit of plaintiff's underlying claims, the court notes that the litigation was in its early stages when the order of dismissal was entered.  While the parties' substantive factual and legal arguments have not been developed, it is not readily apparent that plaintiff's claims are frivolous.  Further, it appears that additional discovery may shed light on plaintiff's employment status.  Additionally, although the court acted well within its discretion in deeming the unopposed motion confessed pursuant to LCvR7.1(g) due to plaintiff's failure to respond, it is the court's preference to resolve cases on the merits.

Therefore, in considering all the relevant factors in an effort to reach an equitable result, the court finds that plaintiff has established excusable neglect.  Accordingly, plaintiff's Motion to Vacate Order for Dismissal Without Prejudice **[Doc. No. 23]** is **GRANTED.**  The Order of Dismissal Without Prejudice **[Doc. No. 19]** is **vacated.**  Counsel are directed to confer and to file an agreed motion for entry of a new scheduling order for review and approval by the court, if appropriate.  If no such motion is filed by October 10, 2014, or if the court finds that a further scheduling conference is necessary, the court will set this matter on the court's next regularly

scheduled status/scheduling conference docket.

It is so ordered this 24th day of September, 2014.

                                                         *Tim Leonard*
                                                         TIM LEONARD
                                                         United States District Judge